### ASMUS v. FREEMAN.[1]

### SAME v. ALDEN.

*(Circuit Court, E. D. Pennsylvania. April 3, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES MEASURED BY LICENSE FEES.

A patentee, having granted licenses at less than his regular rates in a few instances where they were taken, either in the settlement of suits for infringement, or several together, towards the end of the patent, has had sufficient cause for such reductions, and, having adhered otherwise uniformly to his rates, is entitled to exclude such licenses from consideration when proving his established license fee as the measure of damages against an infringer.

2. SAME—WORTHLESS CLAIM.

Where "it is reasonably plain" that a claim is structural, and the master has reported it valueless, and the proofs seem to justify him in so doing, the non-use of it by an infringer of another claim embracing the whole invention will not compel the complainant to adduce evidence to show the value of the part taken. *Westcott* v. *Rude,* 19 Fed. Rep. 836; *Thread Co.* v. *Thread Co.,* 27 Fed. Rep. 865; *Tondeur* v. *Stewart,* 28 Fed. Rep. 561,—cited and followed.

In Equity. Exception to master's report.

Order for injunction and account, July 19, 1886. See 27 Fed. Rep. 684. Master reported nominal damages. Plaintiff excepted to report on account of ruling therein that a license fee of $1,000 per furnace had not been proved.

*Bakewell & Kerr,* for complainant.

*Wayne McVeagh* and *W. W. Baldwin,* for defendant.

BUTLER, J. The report shows such intelligence and care that we feel hesitation in disagreeing with the learned master. We are unable, however, to accept his conclusion in one important respect. To show the extent of damage sustained, the complainant undertook to prove the existence of a uniform license fee. In this, the master thinks, he failed. The rule requires a uniform fee within given periods, such as indicates the market value of a license at the times specified. It need not be uniform throughout the life of the patent, and could not be. As the monopoly approaches its close, the value necessarily diminishes, and the price of its use must be correspondingly less. Nor is it important that a larger or smaller sum is demanded and paid under special circum-

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

stances,—as where licenses result from the settlement of suits for, or controversies about, infringement.    Here, as in all extraordinary cases, other considerations than the value of the license enter.    It is sufficient that the price is uniform when the circumstances are similar, and such as ordinarily exist when these contracts are made.    The proofs here show that the license fee demanded and paid in the beginning was $150 per foot across the boshes, averaging about $1,500 per furnace; and later on $100 per foot, about $1,000 per furnace.    After some years it was placed at $1,000 per furnace, regardless of size.    This latter sum was thereafter adhered to uniformly, under ordinary circumstances; and many licenses were taken at that rate.    It was never departed from except where licenses arose from the settlement of suits for, or controversies about, infringement; and in one or two instances where several licenses were granted together, towards the expiration of the patent, and these as well as other unusual circumstances operated to induce and justify a reduction.    When the master says no reason is given for this latter reduction, he must be understood as meaning no sufficient reason.    The proofs show the reasons above stated, and we think them sufficient to justify a reduction, and exclude these licenses from consideration.    As respects the infringements here involved, two commenced in the summer of 1878, and the third in 1881.    These are the periods, therefore, to which inquiry must be directed, and we think the proofs show the existence at both times of a well-established and uniform fee of $1,000, demanded and paid under ordinary circumstances.    The complainant must therefore have a decree for $3,000.    Whether interest should be added has not been considered.    The question was not presented on the argument, and is open to doubt.

We find no substance in the objection that the device covered by claim 7 was not used by respondent.    The claim infringed (the first) covered the entire invention.    The seventh is structural merely, covering a method of constructing the "slag discharge piece" so as to regulate the cooling process embraced in the first.    The master did not pass on this question. We may infer, however, from what is said, that he considered it immaterial.    The general rule is that, where less than the whole number of claims has been infringed, evidence must be adduced to show the value of the part taken.    This is inapplicable, however, where, as here, the claim infringed embraces the whole invention, and the others are simply structural.    *Westcott* v. *Rude,* 19 Fed. Rep. 830; *Thread Co.* v. *Thread Co.,* 27 Fed. Rep. 865; *Tondeur* v. *Stewart,* 28 Fed. Rep. 561.    The respondent admits that the several claims between the first and seventh are of this character.    We think it reasonably plain that the seventh also is. Furthermore, the proofs show that the license fee paid was the value placed on the use of the invention, irrespective of the device covered by the seventh claim.    While it is not shown that this device was ever used, it is shown that generally it was not.    It seems to have been regarded as valueless, and for this reason was not used by the respondent.    The master reports that "it was admitted by their counsel in argument before the master that the respondents did not regard the method of claim 7 as

being of any practical value, and that had they so regarded it they would have adopted it and practiced it." This view respecting the value of the seventh claim is of itself conclusive. It is said the master is mistaken regarding the imputed admission. However this may be, he virtually reports the matter covered by the claim as valueless; and the proofs seem to justify this conclusion.